248 July 1, 2026 No. 630

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. I. L.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. I. L.,
*Appellant.*

Marion County Circuit Court
19JU01353; A186160

Tiffany Underwood, Judge.

Argued and submitted May 19, 2026.

Erica Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

In this delinquency case, youth appeals from the juvenile court's order terminating juvenile jurisdiction over youth and ordering youth to report as a sex offender pursuant to ORS 163A.030. On appeal, youth raises a single assignment of error to the juvenile court's order requiring youth to report as a sex offender, arguing that the juvenile court applied an incorrect legal standard and that youth met his burden to prove by clear and convincing evidence that he was "rehabilitated and does not pose a threat to the safety of the public" under ORS 163A.030(7)(b). We conclude that the juvenile court applied the correct legal standard. Further, sufficient evidence in the record supports the juvenile court's determination that youth did not meet his burden under ORS 163A.030(7)(b). Accordingly, we affirm.

The parties are familiar with the facts and legal background. We thus do not describe them in detail in this nonprecedential memorandum opinion. Youth was adjudicated for an act committed when he was 14 years old against his five-year-old sister, B, that would have constituted a felony sex offense if committed by an adult. The juvenile court placed youth on probation. As youth's probation neared its end, when he was 19, the juvenile court scheduled a hearing, as required by ORS 163A.030, to determine whether to order youth to report as a sex offender. The juvenile court held the hearing, determined that youth had not met his burden, and this appeal followed.

Youth requests that we review this case *de novo*. We decline to exercise *de novo* review because this is not an extraordinary case that justifies *de novo* review. We review for legal error whether the juvenile court applied the correct legal standard during the hearing pursuant to ORS 163A.030. *State v. A. R. B.*, 346 Or App 624, 628-29, 586 P3d 447 (2026). If the juvenile court applied the correct legal standard, then we review the juvenile court's determination under ORS 163A.030(7) whether a youth has proved that it is highly probable that the youth is rehabilitated and not a threat to the safety of the public for any evidence in the record to support that finding. *State v. A. R. H.*, 371 Or 82, 96, 530 P3d 897 (2023). We defer to the juvenile court's fact

findings if they are supported by evidence in the record. *Id*. When the juvenile court did not make express fact findings and a finding is necessary to support the juvenile court's legal determination, we accept reasonable inferences and reasonable credibility choices that the juvenile court could have made from the evidence. *Id*.

"[T]he juvenile court's determination under ORS 163A.030(7)(b)" is "a finding that the court is or is not persuaded that the youth is rehabilitated and does not pose a threat to the safety of the public." *Id*. at 91 (internal quotation marks omitted). "ORS 163A.030(8) sets out an extensive list of both pre-adjudication and post-adjudication factors that the juvenile court 'may consider but need not be limited to considering'" when making its determination. *Id*. at 97. The legislature made a policy choice in ORS 163A.030 to place the burden on a youth. When enacting the bill that would become ORS 163A.030, the legislature was presented with "a substantial body of research that indicated that" a youth who commits an act that would be a felony sex offense if committed by adult is unlikely to recidivate. *Id*. at 100. Despite being presented with that research, the legislature enacted ORS 163A.030 through a "compromise bill that did not provide a presumption in favor of relief for a youth[.]" *Id*.

Youth argues that the juvenile court applied an incorrect legal standard because it "misconstrued the significance of the considerations identified in ORS 163A.030 within the ultimate inquiry" of youth's risk. Specifically, youth argues that the juvenile court relied on youth's historical probation violations and the recency of his pornography use to conclude that he had not proven his rehabilitation, and argues that there was a "lack of evidence of common knowledge connecting those facts to a current risk of sexual recidivism." Youth argues that that the juvenile court incorrectly understood the statutory standard to require the court to rely on the ORS 163A.030(8) factors irrespective of their relationship to youth's current risk level. Youth points to research supporting that children who commit sex offenses are, as a class, unlikely to reoffend in adulthood and thus argues that "[g]iven that baseline level of risk," which is low, "a historical fact from a youth's supervision

period will not support an inference that his risk level is outside of the norm * * * unless there is evidence to support that finding * * *." The state argues that the record permitted the juvenile court to find that youth did not meet his statutory burden.

We conclude that the juvenile court properly understood and applied ORS 163A.030 and that its determination was supported by evidence in the record. Based on the record before us, it does not appear that the juvenile court viewed ORS 163A.030 to require it to rely on the factors in ORS 163A.030(8) irrespective of their relationship to youth's risk level, as youth argues. Rather, the record shows that the juvenile court considered those factors as they related to youth's rehabilitation and risk to the public, consistent with the standard in ORS 163A.030(7)(b). The juvenile court thus did not commit a legal error in applying the legal standard.

Additionally, we conclude that the juvenile court's determination that youth failed to meet his burden under ORS 163A.030(7) is supported by sufficient evidence in the record. The juvenile court heard evidence that youth had committed probation violations by engaging in consensual sexual contact with peers and viewing pornography, as well as that youth had not initially been honest about the violations. Youth also made a statement to the juvenile court that the juvenile court relied on when it determined that youth had not met his burden. Further, the court heard evidence that youth had taken multiple years to complete sex offender treatment, and that he completed treatment only after the filing of the sex offender registration hearing report, as the hearing approached.

The court articulated a connection between youth's dishonesty about the probation violations with his attempt to persuade B to keep the abuse a secret. The court also viewed youth's statements to the court at the hearing as indicating that youth had not fully processed the harm that he caused B. Further, the juvenile court noted that in its view, youth failed to be sufficiently accountable for his own conduct when recounting the consensual sexual contact with peers that led to a probation violation. The juvenile court also noted progress that youth had made while on probation.

Although the record might have permitted the juvenile court to make a different determination, the determination that juvenile court did make is supported by legally sufficient evidence. *See A. R. H.*, 371 Or at 105 (when the record permits multiple reasonable inferences, which inference to draw is for the factfinder).

Affirmed.